Strafford,
June 20, 1940. } No. 3169.

## BERNARDI GREATER SHOWS, INC.

*v.*

## BOSTON & MAINE RAILROAD.

*George R. Scammon* (by brief), for the plaintiff.

*Hughes & Burns* and *Snow & Peyser* (by brief), for the defendant.

PAGE, J.   The defendant carried the plaintiff's show under a special contract by the terms of which the plaintiff agreed to indemnify the defendant for "all claims, damages, costs and demands . . . for any loss or injury . . . which may be sustained to the property of the Show . . . or to the person or property of any of its agents, servants, performers or employees while on or about said road . . . or . . . of any . . . who may come upon said road . . . because of the presence there of the Show . . . ."

The plaintiff had a verdict for damages to its property caused by the defendant's negligence.   One Williams, who traveled with the show, had a verdict against the defendant for personal injuries.   The administratrix of one Padgett had a verdict for his death while riding with the show.   Upon the construction that the plaintiff was bound by contract to indemnify the defendant, judgment was ordered for the defendant in the plaintiff's action and judgments were given on the verdicts in the Williams and Padgett actions, though it was

said that "the show company is bound to indemnify the railroad against liability for damages to persons rightfully riding upon the train, and property transported thereon." *Bernardi &c. Shows* v. *Railroad*, 89 N. H. 490, 493.

The defendant paid the Williams and Padgett judgments and later moved in the Superior Court for leave to file a bill in equity asking for a decree that the plaintiff "protect, save harmless and indemnify the defendant" for the judgments in the Williams and Padgett cases and for all loss, cost and damages occasioned to the defendant in the defence thereof and in the defence of the action by the Show. The counsel for the plaintiff was given notice of the motion, but since the plaintiff is a foreign corporation and not subject to the service of process here, no other notice was given. Appearing specially, counsel for the plaintiff moved to dismiss the motion for lack of service. No question is raised or has been urged by the plaintiff's counsel except that of jurisdiction.

The order for judgment in the plaintiff's action was entered in this court on September 6, 1938. No other disposition of the matter being urged or made, this judgment was final thirty days thereafter. P. L., c. 315, ss. 12, 14. The Superior Court had nothing else to do than allow the costs (P. L., c. 341, s. 1) and issue execution. For every other purpose the action was ended. The motion to amend by a bill in equity was not filed until several months after the judgment ordered here became final in the sense mentioned, though entry of the judgment had not been made in the records of the Superior Court.

The defendant's bill in equity was thus in the nature of a wholly independent action. It stood just as if the indemnitee had sued the indemnitor at law for damages suffered by the breach of the contract of indemnity, including the judgments in favor of Williams and Padgett and the expenses of defending all of the suits. The party defendant (the plaintiff here) was not served with process. It has in no wise waived the want of service. It was not in court for the purposes of an amendment to the original action, for the amendment was sought after judgment.

The suggestion that recoupment is sought overlooks the fact that the issue was not raised before the original case was disposed of by a judgment determinative of all issues of liability presented in that case. Our attention has not been directed to any authority which permits recovery upon a contract of indemnity under the circumstances here presented.

The jurisdictional question alone being decided, it is unnecessary to discuss the question of what damages above the judgments paid by the defendant could be recovered of the indemnitor in a suit upon the contract. It is also unnecessary to decide whether the amount of the indemnitor's liability could have been put into issue by a bill in equity filed by way of amendment during the period of thirty days following entry of judgment here. The decision made is solely that the jurisdiction obtained over the plaintiff by its entry of a suit here could extend no further than to the issues of liability properly raised before the judgment became final.

*Motion denied.*

All concurred.